AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>LUDER HERMITUS,<br><br><br><br>*Defendant(s)* | )<br>)<br>)  Case No.  16-8001-DLB<br>)<br>)<br>) |

FILED by ___ D.C.

JAN 04 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 2, 2016__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, U.S.C., Section 1326(a) | Illegal re-entry after removal |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Christopher Whitenton, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1-4-2016

_____
*Judge's signature*

City and state: West Palm Beach, Florida

Dave Lee Brannon, Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Christopher Whitenton, state the following under penalty of perjury,

1. I am employed by the United States Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since November 2006. I am currently assigned to the Office of the Assistant Special Agent in Charge in West Palm Beach, Florida.

2. As a Special Agent of Homeland Security Investigations, I have received 23 weeks of training at the Federal Law Enforcement Training Center, which included the application of Federal Statutes, Federal Court procedures, and the techniques required to insure the admissibility of evidence at trial. I have been a sworn Federal Special Agent with Homeland Security Investigations since May 2007. During the course of this employment, your affiant has been involved in the investigation of illegal immigration and the importation of narcotics.

3. I am familiar with the facts and circumstances surrounding this investigation as set forth herein, both from my own investigative efforts and from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. This affidavit does not set forth every fact known to me regarding the investigation, but only those necessary to establish probable cause to charge.

4. On or about January 2, 2016, at approximately 0750 hours, the United States Coast Guard (USCG) Cutter BERNARD WEBBER encountered a 26 foot vessel approximately 32 nautical miles east of Lake Worth Inlet, Florida. The vessel, a sailing style model bearing Bahamian registration AB1886GC and the name "Free Willie," was observed by USCG crew riding low in the water in a west/northwest direction. At approximately 1021 hours, USCG Bernard Webber encountered the Free Willy and observed two males and a female on deck. One of the two males steering the sailboat was later identified as Luder HERMITUS. A saftey inspection revealed an additional nineteen adults and three children below deck. All twenty-five persons on board were without life jackets. USCG embarked all twenty-five persons, consisting of twenty-two adult and three juvenile Haitian migrants, onto the Cutter BERNARD WEBBER for safety reasons. Luder HERMITUS' biometric information was analyzed and he was identified as a person previously removed from the United States in 2007. HERMITUS was transported to the U.S. Border Patrol Office in Riviera Beach, Florida for processing and interviewing.

5. I, along with other special Agents from HSI, conducted interviews. Indices checks regarding the migrants on board the vessel revealed HERMITUS was encountered previously by U.S. Border Patrol in Hallandale Beach, Florida, as he attempted to enter the United States illegally by boat on or about 3/28/2007. HERMITUS was subsequently removed to Haiti on or about September 8, 2007.

6. After being advised of his *Miranda* rights, HERMITUS admitted in sum and substance that he was on the Free Willie with the intention of entering the United States in Miami, Florida, that he had previously

been removed from the United States, and that he knew that he was not legally allowed to come to the United States.

7. Based on the forgoing, I believe that there is probable cause that Luder HERMITUS, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT

CHRISTOPHER WHITENTON
Special Agent, HSI

Signed and sworn before me this 4th day of January, 2016.

Dave Lee Brannon, USMJ

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** LUDER HERMITUS

**Case No:** 16-8001-DLB

Count #: 1

Illegal re-entry after removal

Title 8, United States Code, Section 1326(a)

\* **Max.Penalty**: 2 Years' Imprisonment, $250,000 fine, 1 year supervised release

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  <u>16-8001-DLB</u>

UNITED STATES OF AMERICA

vs.

LUDER HERMITUS,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
AURORA FAGAN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.188591
500 S. Australian Ave., Ste. 400
West Palm Beach, FL 33401
TEL (561) 820-8711
FAX (561) 802-1787